RECEIVED
IN ALEXANDRIA, LA
MAY 26 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID E. KATES, aka DAVID EARL KATES<br>FED. REG. #30428-077 | CIVIL ACTION NO. 09-0401 |
| VS. | SECTION P |
| | JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner David E. Kates filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 9, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana. Petitioner invokes the "savings clause" of 28 U.S.C. §2255 to attack his 1998 conviction in the United States District Court for the Northern District of Texas for possession with intent to distribute cocaine base and the 360 month sentence imposed thereafter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### Statement of the Case

On November 6, 1997 petitioner was found guilty as charged of possession with intent to distribute cocaine base. On April 3, 1998 he was determined to be a career offender and sentenced to

serve 360 months in the custody of the Bureau of Prisons. See United States of America v. David Earl Kates, No. 2:97-cr-00042, United States District Court, Northern District of Texas at rec. docs. 69 and 85]

He appealed his conviction and sentence to the Fifth Circuit Court of Appeals arguing that (1) the evidence was insufficient to establish intent to distribute; (2) the government withheld exculpatory evidence; and, (3) his prior convictions did not render him a career offender under the Sentencing Guidelines. On May 3, 1999, the United States Fifth Circuit of Appeals affirmed his conviction and sentence. See United States of America v. David Earl Kates, 174 F.3d 580 (5th Cir. 1999).

On May 2, 2000 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. On December 31, 2002 his Motion was denied. No. 2:97-cr-00042, rec docs. 99, 109, and 111; see also David Earl Kates v. United State of America, No. 2:00-cv-00145. On October 16, 2003, the Fifth Circuit Court of Appeals affirmed the District Court's judgment noting that the lower court was without authority to modify petitioner's sentence. See United States of America v. David Earl Kates, 78 Fed. Appx. 355 (5th Cir. 2003)(unpublished).

On February 12, 2008 petitioner filed another collateral attack in the United States District Court for the Central District of Illinois arguing claims for relief virtually

identical to the claims raised in the instant petition, namely, that he is actually innocent of the career offender enhancement and, that the government violated the prohibition against double jeopardy by using prior state court convictions "... 3 different times in 3 different statutes..." On April 9, 2008 that Court construed his pleading as a Motion to Vacate pursuant to §2255 and transferred the matter to the United States District Court for the Northern District of Texas. Petitioner objected claiming that his original petition was intended to be a habeas petition pursuant to 28 U.S.C. §2241 and he purposefully filed the pleading in Illinois because he was incarcerated in that District when suit was filed. On October 7, 2008 the United States District Court for the Northern District of Texas dismissed the petition finding that (a) it did not have jurisdiction to entertain a §2241 claim since petitioner was not incarcerated within the Northern District of Texas; and (b) it did not have jurisdiction to entertain a second and successive §2255 Motion. This matter remains pending before the court in Texas, having been remanded by the Fifth Circuit for a determination of whether the petitioner timely sought an appeal. See <u>David Earl Kates v. United States of America</u>, No. 2:08-cv-00078 (United States District Court for the Northern District of Texas).

Petitioner was apparently transferred to USP Pollock and on March 9, 2009 he filed the instant petition for writ of *habeas*

*corpus* raising the following claims for relief: (1) "illegal enhancement/double counting/double jeopardy attacking enhancements not conviction or regular sentence" and, (2) "actual innocence of 4B1.1 career offender because petitioner met criteria for 'related cases' under 4A1.2(a)." [rec. doc. 1]

### *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He implies that the sentence imposed by the United States District Court for the Northern District of Texas is an illegal sentence because the sentencing court erroneously enhanced his sentence.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243

F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner argues that he is entitled to invoke the "savings clause" because his previous §2255 Motion was dismissed in error when the sentencing court "did not apply the law to the facts." [rec. doc. 1, ¶12] That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision

5

which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, May 26, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE